IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

COURTNEY DANIELLE WILKINS,       )
                                       )
           Plaintiffs,           )
                                       )
           v.                 )   Case No. 1:15-cv-01735-WTL-DKL
                                       )
FASTENAL,                          )
                                       )
           Defendant.        )
                                       )

### <u>DEFENDANT FASTENAL COMPANY'S ANSWER AND DEFENSES<br>TO PLAINTIFF'S COMPLAINT</u>

Defendant, Fastenal Company (herein "Fastenal"), submits its Answer and Defenses to

Plaintiff's Complaint as follows:

### A.      PARTIES

1.      Plaintiff is a citizen of Indiana and resides at 6650 Eagle Point Dr. S. 1-D

Indianapolis, IN 46254.

**<u>ANSWER</u>**:    Defendant is without knowledge or information sufficient to form a belief

about the truth of the allegations in this Paragraph of Plaintiff's Complaint.

2.      Defendant Fastenal is (if a person or private corporation) a citizen of

Indiana/U.S.A. and (if a person) resides at 2001 Theurer Blvd. Winona, Minnesota 55987.

**<u>ANSWER</u>**:    Defendant denies that it is a citizen of the State of Indiana, admits that it is

located at 2001 Theurer Blvd, Winona, Minnesota, and denies any remaining allegations in this

Paragraph of Plaintiff's Complaint.

### B.      STATEMENT OF CLAIM

3.      I, the plaintiff, Courtney D. Wilkins, have attempted employment at Fastenal's

Indianapolis, IN location for an ongoing period of time.  From 2011 through 2015.

**ANSWER**:   Defendant admits that Plaintiff applied for employment at one of Defendant's facilities on one or more occasions, but Defendant denies that Plaintiff has attempted employment at any of Defendant's locations for an ongoing period of time, or from 2011 through 2015.  Defendant denies any remaining allegations in this Paragraph of Plaintiff's Complaint.

4.     Fastenal's hiring personnel has made their employment decisions based on my sex being female, my race being African American, and my disability.

**ANSWER**:   Defendant denies the allegations in this Paragraph of Plaintiff's Complaint.

5.     I am a highly qualified citizen whose applications and credentials had me quickly into the interview at Fastenal, but their discrimination practices had me excused immediately.

**ANSWER**:   Defendant denies the allegations in this Paragraph of Plaintiff's Complaint.

6.     Fastenal has violated Title VII of the Civil Rights Act of 1964, and Title I of the American with Disabilities Act of 1990.

**ANSWER**:   Defendant denies the allegations in this Paragraph of Plaintiff's Complaint.

7.     I am suing for a violation of federal law under 28 U.S.C. § 1331.

**ANSWER**:   Defendant admits that Plaintiff purports to bring this lawsuit under federal law and that this Court has federal subject-matter jurisdiction under 28 U.S.C. § 1331, but Defendant denies that it has committed any violation of federal or other law and denies any remaining allegations in this Paragraph of Plaintiff's Complaint.

## D.     RELIEF WANTED

8.      As the Plaintiff, I am seeking compensatory and punitive damages for the violations of my federally protected rights.

**ANSWER**:     Defendant denies that Plaintiff is entitled to any damages or relief or that there has been any violation of Plaintiff's rights by Defendant.  Defendant denies any remaining allegations in this Paragraph of Plaintiff's Complaint

9.      These violations over a four year period have caused me great emotional pain, damage to my reputation and have suffered from lost wages and promotions.

**ANSWER**:     Defendant denies the allegations in this Paragraph of Plaintiff's Complaint.

10.      Prior to the discrimination, I wanted a position with the Defendant.

**ANSWER**:     Defendant denies that any discrimination occurred with respect to Plaintiff or otherwise.  Defendant is without knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff wanted a position with Defendant.  Defendant denies any remaining allegations in this Paragraph of Plaintiff's Complaint.

11.      Although, now I will be in fear of retaliation.

**ANSWER**:     Defendant denies the allegations in this Paragraph of Plaintiff's Complaint.

12.      Therefore, I also want Fastenal mandated to employ <u>ALL</u> qualified applicants that are LGBT, African American, and disabled men and women.

**ANSWER**:     Defendant denies that Plaintiff is entitled to any damages or relief, including the relief sought in this Paragraph of Plaintiff's Complaint.  Defendant denies any remaining allegations in this Paragraph of Plaintiff's Complaint.

13.     Sensitivity training and/or counseling on discrimination need to also be enforced.

**ANSWER**:     Defendant denies that Plaintiff is entitled to any damages or relief, including the relief sought in this Paragraph of Plaintiff's Complaint.  Defendant denies any remaining allegations in this Paragraph of Plaintiff's Complaint.

14.     I am not only seeking justice for myself but also the other thousands of African Americans and people with disabilities that Fastenal has maliciously turned away.

**ANSWER**:     Defendant denies the allegation that it has discriminated against Plaintiff or any other persons.   Defendant denies that Plaintiff is entitled to any damages or relief, including the relief sought in this Paragraph of Plaintiff's Complaint.  Defendant denies any remaining allegations in this Paragraph of Plaintiff's Complaint.

## E.     JURY DEMAND

15.     Jury Demand – I want a jury to hear my case.

**ANSWER**:     Defendant requests trial by jury.

## GENERAL DENIAL

Defendant further denies any allegation in Plaintiff's Complaint not specifically admitted or denied above.  Defendant denies that Plaintiff is entitled to any of the relief she seeks.

## PRAYER FOR RELIEF

Defendant prays that Plaintiff take nothing by way of the Complaint and respectfully requests that Plaintiff's Complaint be dismissed with prejudice; judgment be entered in favor of Defendant and against Plaintiff; the Court award Defendant its costs and attorneys' fees incurred in defending this action; and the Court award Defendant any further and other relief the Court deems just and equitable.

## **ADDITIONAL DEFENSES**

Subject to a reasonable opportunity for further investigation, inquiry, and discovery, Defendant alleges the following additional defenses:

1.      Defendant's actions with respect to Plaintiff were non-discriminatory, were based upon legitimate reasons, and carried out in the good faith exercise of Defendant's reasonable business judgment.

2.      One or more of Plaintiff's allegations fail to state a claim upon which relief can be granted or are not recognized under federal law.

3.      Defendant's actions were undertaken in a good faith effort to comply with Title VII.

4.      Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charge of discrimination Plaintiff filed with the Equal Employment Opportunity Commission (EEOC).

5.      Plaintiff's claims are barred to the extent that she has failed to satisfy/exhaust the administrative prerequisites or meet all conditions precedent necessary to asserting such claims.

6.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

7.      Plaintiff's claims may be barred by the doctrines of waiver, estoppel, laches, unclean hands, consent, acquiescence and ratification, accord and satisfaction, or payment and release

8.      Defendant is not liable for any alleged discrimination or retaliation because Defendant had measures in place to prevent and/or to correct discrimination and retaliation, and Plaintiff unreasonably failed to use those measures.

9.      If any improper, illegal, or discriminatory acts were taken by any person against Plaintiff, it was outside the course and scope of that employee's employment, contrary to Defendant's policies, and was not ratified, confirmed, or approved by Defendant.  Thus, any such actions cannot be attributed or imputed to Defendant.

10.      Plaintiff's claims under the ADA are barred because Plaintiff is not disabled within the meaning of the ADA, Defendant had no knowledge that Plaintiff had any impairment that rose to the level of a disability within the meaning of the ADA, and/or Plaintiff is not a qualified individual with a disability within the meaning of the ADA.

11.      The Complaint is barred, in whole or in part, pursuant to the doctrines of estoppel, waiver, unclean hands, laches, consent, acquiescence and ratification, accord and satisfaction, or payment and release.

12.      Plaintiff's damages are barred and/or limited pursuant to the after-acquired evidence doctrine.

13.      Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant, Plaintiff has failed to mitigate or minimize the alleged damages.

14.      To the extent Plaintiff recovers any damages based on her claim, the existence of which Defendant specifically denies, Defendant is entitled to a set-off or credit for amounts Plaintiff earned or could have earned if she had mitigated her claimed damages.

15.      Plaintiff is not entitled to recover punitive damages requested in the Complaint because Defendant's actions were taken in good faith and were not malicious, egregious, in bad faith, or in willful or reckless indifference to any legal rights of Plaintiff.

16.     Plaintiff's claims for punitive and statutory damages contravene the rights of Defendant under provisions of the U.S. Constitution and the Constitution of the State of Indiana.

17.     To the extent that any defense raised by Defendant is not an affirmative defense, Defendant in no way implies that Defendant assumes the burden of proof for such defenses, and Defendant does not waive any additional defenses.

18.     Defendant reserves the right to assert additional defenses as they become evidence through discovery or investigation, which is not complete at this time.

IN CONCLUSION, Defendant prays that Plaintiff take nothing by way of the Complaint and respectfully requests that Plaintiff's Complaint be dismissed with prejudice; judgment be entered in favor of Defendant and against Plaintiff; the Court award Defendant its costs and attorneys' fees incurred in defending this action; and the Court award Defendant any further and other relief the Court deems just and equitable.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:     _s/ John A. Drake_
        John A. Drake, No. 28534-02
        Todd J. Kaiser, No. 10846-49
        Brian D. Burbrink, No. 27762-49
        111 Monument Circle, Suite 4600
        Indianapolis, IN  46204
        Telephone:  317.916.1300
        Facsimile:   317.916.9076
        _john.drake@ogletreedeakins.com_
        _todd.kaiser@ogletreedeakins.com_
        _brian.burbrink@ogletreedeakins.com_

Attorneys for Defendant Fastenal Company

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties via U.S. First-Class Mail, postage prepaid.

Courtney Danielle Wilkins
6650 Eagle Point Dr. S.
Apt. 1-D
Indianapolis, IN  46254

_s/ John A. Drake_

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
111 Monument Circle, Suite 4600
Indianapolis, IN  46204
Telephone:  317.916.1300
Facsimile:  317.916.9076
_john.drake@ogletreedeakins.com_

24075867.1

8